CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 20, 2013

LETTER TO COUNSEL:

      RE:   *Luis Castro v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-2678

Dear Counsel:

      On September 7, 2012, the Plaintiff, Luis Castro, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Castro filed his claim on August 28, 2008, alleging disability beginning on July 18, 2005. (Tr. 127-30). His claim was denied initially on March 4, 2009, and on reconsideration on September 25, 2009. (Tr. 87-90, 97-98). A hearing was held on August 12, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 29-84). Following the hearing, on August 27, 2010, the ALJ determined that Mr. Castro was not disabled during the relevant time frame. (Tr. 14-28). The Appeals Council denied Mr. Castro's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Castro suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, chronic right shoulder sprain, 80 percent loss of vision in left eye, and left ocular migraine. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Castro retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except: he can occasionally balance, stoop, kneel, crouch, crawl and climb; he can never climb ladders, ropes, or scaffolds; he is limited to occasional overhand [sic] reaching with his right hand; he should avoid concentrated exposure to hazards; and, he has visual limitations in depth perception and field of vision because of limited vision in his left eye.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

Mr. Castro could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 27-28).

Mr. Castro essentially presents four arguments on appeal: (1) that the ALJ did not properly consider the November, 2008 report from vocational expert Kathy Stone; (2) that the VE testimony at the hearing established disability; (3) that the ALJ erred in assigning weight to the opinions of Mr. Castro's treating physicians and the state agency physicians; and (4) that the ALJ erred in making an adverse credibility finding. Each argument lacks merit.

Mr. Castro's first argument is that the ALJ did not assign appropriate weight to the opinion of his own vocational expert, Kathy Stone. Pl. Mot. 6-7. The ALJ in fact provided a detailed summary of Ms. Stone's one-page opinion. (Tr. 24-25). The ALJ concluded that Ms. Stone's opinion (1) failed to specify the vocational testing upon which her opinion was based, including the scope of the "labor market research," and (2) focused not on the relevant standards for purposes of evaluating a DIB claim, but on transferable skills and whether Mr. Castro would be a candidate for vocational rehabilitation services. (Tr. 24). The ALJ assigned the assessment "little weight" because of the lack of analysis supporting the opinion. (Tr. 25). I concur with the ALJ's evaluation of Ms. Stone's opinion.

Second, Mr. Castro argues that the VE testimony at the hearing established his disability. Pl. Mot. 6-7. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. See *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). When the ALJ posed a question incorporating all of Dr. Kozachuk's limitations, the VE testified that the restriction of all postural activities would preclude work. (Tr. 74-75). However, the fact that the ALJ asked a series of hypothetical questions does not require the ALJ to later find the RFC in accordance with *all* of the hypotheticals posed. As described below, the ALJ cited substantial evidence to support his rejection of certain portions of Dr. Kozachuk's opinion, including the restriction of all postural activities. When the ALJ posed a hypothetical that aligned with the restrictions in what was ultimately determined to be Mr. Castro's RFC, the VE responded with possible positions. (Tr. 75-76). I can find no error in the ALJ's reliance on that portion of the VE's testimony.

Third, Mr. Castro protests the assignment of weight to the opinions of his treating physicians, Dr. Kozachuk and Dr. Peck, as compared to the opinions of the consultative examining physicians, Dr. Taller and Dr. Bailey. Pl. Mot. 7-9. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (specifying that the treating physician rule does not require a physician's opinion to be given controlling weight if it is not well supported by diagnostic tests or is inconsistent with other substantial evidence). In fact, the ALJ accepted most of Dr. Kozachuk's recommended limitations, while noting that Dr. Kozachuk cited no clinical findings to support his recommendations. (Tr. 25). The ALJ rejected two of Dr. Kozachuk's asserted limitations: (1)

Mr. Castro's alleged inability to sit for six hours in an eight hour workday, and (2) his alleged inability to ever climb, balance, kneel, crouch, crawl, or stoop. The ALJ noted that both of those limitations lack evidentiary basis in the record, and that the postural limitations, while apparently based on visual problems, were not recommended by Mr. Castro's ophthalmologist. (Tr. 25). The records from Dr. Brager's examination, in which Mr. Castro was able to dress and undress and get on and off the examination table, albeit with some discomfort, further undermine Dr. Kozachuk's complete prohibition on postural activities. (Tr. 26, 435-36). Dr. Peck's opinion was also addressed by the ALJ. (Tr. 21). Dr. Peck originally served as a consultative examiner himself, but later saw Mr. Castro on four occasions, all prior to the alleged onset of disability in July, 2005. The ALJ properly gave "little weight" to Dr. Peck's determination of "permanent psychological impairment" given (1) Dr. Peck's infrequent treatment of Mr. Castro, and (2) the fact that Mr. Castro has had no psychiatric treatment since 2004. (Tr. 21).

Moreover, the ALJ is entitled to rely on the evidence and observations provided by consultative examiners Dr. Taller and Dr. Bailey. The ALJ provided detailed summaries of those examinations. (Tr. 22, 26). That medical evidence of record was appropriately considered and assessed by the ALJ in the overall RFC determination.

Mr. Castro's fourth argument is that the ALJ improperly made an adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as pain. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. He determined that Mr. Castro's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 24). However, he did not find Mr. Castro's testimony as to the intensity, persistence, and limiting effects of his symptoms to be credible. *Id.*

In his credibility analysis, the ALJ provided an extensive summary of Mr. Castro's hearing testimony. (Tr. 23-24). He noted that Mr. Castro's headaches are both intermittent and controlled by medication, with appropriate citation to medical records. (Tr. 25-26). The ALJ further cited to the medical evidence relating to Mr. Castro's shoulder and spine impairments, to evidence the fact that Mr. Castro's subjective complaints are unsupported by his physical examinations and objective testing. (Tr. 26). Finally, the ALJ noted that the consultative examiner reported that Mr. Castro had made a "poor effort" during the examination, but that the findings showed no severe issues with range of motion. *Id.* The comprehensive analysis provided by the ALJ provides substantial evidence to support his credibility conclusion.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                    Sincerely yours,

                    /s/

                    Stephanie A. Gallagher
                    United States Magistrate Judge